(No. 35651.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH PANCZKO, Plaintiff in Error.

*Opinion filed September 29, 1960.*

GEORGE R. BIEBER, JASON ERNEST BELLOWS, and SHERMAN C. MAGIDSON, all of Chicago, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, and FRANCIS X. RILEY, and MARVIN E. ASPEN, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In the early morning of December 30, 1958, Joseph Panczko was apprehended in the garage of Edward Ko-

niecki. When he was apprehended, he had a screwdriver in his right hand. A brace and bit, not belonging to Koniecki, was found close to Panczko in the garage. Panczko was tried before a jury in the criminal court of Cook County and found guilty of the crime of possession of burglar's tools. After a hearing on a motion for increased sentence under the Illinois Habitual Criminal Act, (Ill. Rev. Stat. 1957, chap. 38, par. 602,) the trial court found that defendant was an habitual criminal and sentenced him for a term of not less than three years nor more than four years. The cause is here on writ of error.

The defendant has argued several points for reversal, one of which is that prejudicial remarks of the prosecutor denied him a fair and impartial trial. The People argue that the timely action by the court and the overwhelming evidence of the defendant's guilt cured the prejudicial remarks.

During the course of the trial, testimony was given that defendant had on several occasions admitted he was a burglar and had been stealing for 20 years. This testimony was allowed on the theory that it tended to prove the defendant's intention to use the tools he possessed as burglar's tools.

The prosecutor in the following line of argument failed to confine his remarks to the purposes for which the evidence of other crimes was offered: "They used to tell us * * * that crime doesn't pay. * * * That's what we have all learned as children, and I hope that that is still the rule. But here we have a man who obviously and apparently has been disproving that old saying. * * * You can see what his *modus operandi* is, the way he operates. He goes and breaks into a place. If he gets apprehended, he pulls out some money. 'Here, take some money. Give me a pass. I'll take off.' Then all he has to do is commit a couple more burglaries and he has that money made up and more, too." At this point the prosecutor reminded the

jury that there was evidence that the defendant had tried to give the Konieckis money when they caught him, but that the Konieckis had refused to accept the money and called the police.

He then continued: "Failing that, as in this case, the Konieckis didn't pick up the money, so what is the next step? He is arrested. All he has to do then is to hire a couple of the finest criminal lawyers in the city and hope that these little discrepancies can be woven into a blanket of wool that can be pulled over your eyes and have you find this defendant not guilty as he is charged."

At this point the prosecutor reminded the jury that they would decide whether the defendant is guilty. He then continued: "Now, by finding this man guilty, you will be serving several purposes. Obvious, the purpose is punishment. It is not a serious crime. * * * It is only possession of burglar tools. As far as punishment is concerned that's almost negligible. One of the other reasons for finding a man guilty of crime and punishing them is to rehabilitate them. In this case I would hold out very small hope of rehabilitating this fellow. But the biggest reason that this man should be found guilty in this case is as an example to other people, especially young people who might be tempted to engage in a life of crime, especially * * * to make money."

The prejudice that this line of argument engenders seems clear. First the jury is urged to find the defendant guilty because he has escaped unpunished from other offenses. The reference to the defense attorneys could not possibly have aided the jury in weighing or evaluating the evidence, but tends only to arouse its antagonism against the defendant and his attorneys. (*People* v. *Polenik,* 407 Ill. 337.) The comment that the punishment for the crime charged is negligible had no place in this case where the jury has nothing to do with the sentence and such a comment may well have influenced the verdict of the jury. (*People* v.

*Klapperich,* 370 Ill. 588.) Finally, the jury is urged to find the defendant guilty to set an example to young people.

The cumulative effect of these and other improper remarks, which we need not comment upon in this opinion, deprived the defendant of a fair and impartial trial to which he is entitled no matter how conclusive the evidence against him may appear.

*Reversed and remanded.*