(No. 37388.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSHING GREER, Plaintiff in Error.

*Opinion filed March 18, 1964.*

JOHN M. HARTIGAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, and ELMER C. KISSANE and RICHARD T. BUCK, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

In 1961 the defendant, Rushing Greer, was tried by jury in the criminal court of Cook County and convicted of the crime of murder for which he was sentenced to the penitentiary for a term of 199 years. We have issued a writ of error.

In the defendant's brief eight grounds for reversal are argued. However, the record discloses that in a written motion for a new trial, filed by counsel of the defendant's own choice, only one of these grounds was asserted. All other nonjurisdictional errors are therefore waived. *People v. Gratton, 28* Ill.2d 450.

One of the errors argued here is that the trial court lacked jurisdiction to try the defendant for the crime with which he was charged. Such a contention is not waived by a failure to make an appropriate objection in the trial court. (*People v. Buffo, 318* Ill. 380, 384.) We therefore consider this argument, even though it was not specified in the motion for a new trial. The evidence showed that the crime took place on a loading dock of the United States Post Office Building in Chicago. The defendant contends that since the crime took place in a Federal building, the United States Government has exclusive jurisdiction over the offense by virtue of the provisions of 17th clause of section 8 of article I of the United States constitution, which provides that Congress shall have power "To exercise exclusive Legislation in all Cases whatsoever over such District (not exceeding ten Miles square) as may, by Cession of particular States, and the Acceptance of Congress, become the Seat of the Government of the United States, and to exercise like Authority over all Places purchased by the consent of the Legislature of the State in which the Same shall be, for the erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful buildings; * * *."

There is no showing in the present record as to the manner in which the Federal government acquired the property in question. Counsel for the defendant made a motion for dismissal prior to the trial on the ground that the crime took place on Federal property and the prosecutor replied that the Federal government did not have exclusive jurisdiction because the place where the crime occurred was not part of the Government reservation and occurred on

property which had been acquired "later on". This is the only reference to the manner in which the property had been acquired by the Federal government and this record is entirely insufficient to support the defendant's claim that the United States Government had exclusive jurisdiction over crimes committed on the post office property.

The only other argument which may properly be considered on review, is the claim that the court allowed a juror to withdraw after the juror had been sworn, subjected to *voir dire* examination, and accepted as a juror by the prosecution and the defense. The record shows that on the morning of the second day of the trial one of the jurors requested to talk to the judge and a conference was held in chambers. The juror stated that when he had been questioned the day before he was sincere in his answers and truthfully answered that he believed in capital punishment. He told the judge that after getting home and having a sleepless night thinking about it he had come to the conclusion that he was against capital punishment. He asked the judge if he could be excused as a juror. The court stated that as far as he could see he did not think there was anything to do but permit the juror to be excused. The prosecutor and defense counsel agreed and they each commended the juror for his frankness in bringing this matter to the attention of the court. Counsel for the defendant then moved for a mistrial and the State agreed that a mistrial could be declared. The court asked whether the parties wished to proceed right away to select a new jury and the prosecutor stated that he thought they should immediately proceed. Defense counsel then answered that he was withdrawing his motion for a mistrial because there was no use wasting another day. The decision to abandon the motion for a mistrial and go ahead with the trial with the jurors that had already been chosen, with additional jurors to make a full panel, was voluntarily made by the defendant's own attorney. The defendant is not now in a position to

allege a failure on the part of the court to declare a mistrial. *People* v. *Keagle*, 7 Ill.2d 408, 414.

After a consideration of the jurisdictional claim and the other assignment of error open to consideration, we find no reversible error. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*