(No. 38010.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUBIN SMITH, Plaintiff in Error.

*Opinion filed September 29, 1967.*

Ward, J., took no part.

Logan D. Fitch, Jr., of Chicago, appointed by the court, for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and John J. Stamos, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and James B. Zagel, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Klingbiel delivered the opinion of the court:

After a bench trial in the criminal court of Cook County Rubin Smith was found guilty of the illegal sale of narcotics and was sentenced to imprisonment for not less than ten years nor more than twenty. He seeks review in this court asserting as a basis for jurisdiction on direct review that his constitutional rights were violated at the trial.

It appears that the purchase was made by George Lemmon, who had been given marked money for the purpose. After defendant and an accomplice emerged from the building in which the alleged sale took place, a police officer met Lemmon outside the building. Over defendant's objection the officer was allowed to testify that Lemmon, who apparently was deceased at the time of the trial, then and there identified the defendant as one of the men who had sold the narcotics to him. Defendant claims that by admitting the testimony the court denied him the right to meet his accusing witness face to face, as guaranteed by section 9 of article II of the constitution.

The right of confrontation is not only guaranteed to an accused by the constitution of Illinois, it is guaranteed by the sixth amendment to the constitution of the United States. It is now settled that the sixth amendment is made obligatory on the States by the fourteenth amendment. (*Pointer* v. *Texas*, 380 U.S. 400, 13 L. Ed. 2d 923; *Douglas* v. *Alabama*, 380 U.S. 415, 13 L. Ed. 2d 934.) The right of cross-examination is an integral part of the right of confrontation. In this case Lemmon did not testify, so that there was no opportunity to cross-examine him. Nevertheless the trial court admitted in evidence testimony that Lemmon told the officer that defendant and the accomplice were the men who had sold him narcotics. The testimony can not be sustained as an implied admission by defendant since the statement by Lemmon was out of the presence and hearing of the defendant. We hold that the admission of this testimony denied to the defendant the constitutional right to confront the witnesses against him.

This does not dispose of the case, however, since errors, even of a constitutional nature, may be regarded as harmless and not requiring reversal. (*Chapman* v. *California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824.) However, before it can be said that a Federal constitutional error can be held harmless, a reviewing court must be able to declare beyond a reasonable doubt that the error did not contribute to the finding of guilty. (*Chapman* v. *California*, 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, 828.) We therefore consider the other evidence in the case to determine whether the error here may be regarded as harmless.

The officer also testified that Lemmon gave him 3 packages of narcotics after he emerged from the building. The officer then arrested defendant and Harold Sibley and searched them. He found nothing on defendant's person but found $15 of the previously identified money in Sibley's possession.

Harold Sibley also testified for the State. He had been jointly indicted with the defendant but had pleaded guilty and was awaiting sentence at the time of the defendant's trial. He testified that he and defendant were partners in the business of selling narcotics. On the night in question he told defendant that Lemmon wanted to purchase narcotics. Sibley went to defendant's home to pick up the narcotics to deliver to Lemmon but told defendant that he thought he had seen some police and didn't want to take the drugs to Lemmon. He then went back to a drugstore where Lemmon was waiting and took Lemmon to a hallway in defendant's home. Lemmon gave him $15 and he got 3 packets of heroin from the defendant and gave them to Lemmon, who then left.

Another officer testified that when he talked to defendant after his arrest, defendant said, "I am not up too tight. The only thing I am guilty of is conspiracy to sell heroin."

For the defense, the defendant testified that Sibley called him and said that he had something very important to discuss. Defendant went downstairs and met Sibley and Lemmon, whom he did not know. He saw Lemmon give Sibley some money and saw Sibley hand Lemmon some tinfoil packages. He denied that he had given the packages to Sibley. He testified that after Lemmon left, he and Sibley went to Sibley's apartment where Sibley asked defendant to work for him selling narcotics. The defendant refused and they left the apartment. He denied making the statement to the officer.

The defendant's mother testified that Sibley came to see her several times and said that if she would pay him one hundred fifty dollars he would say that defendant had nothing to do with the sale. It was established on rebuttal that Sibley was confined in jail on some of the dates the witness said that he had come to her house.

The direct testimony of Sibley, if believed by the trial

judge, was sufficient to establish defendant's guilt beyond a reasonable doubt, and the credibility of his testimony was for the judge to determine. The judge stated that he believed that Sibley was being truthful about the whole thing.

The test of whether error is harmless is not whether there is other evidence of guilt or even whether other proof of guilt is overwhelming. (*Chapman* v. *California,* 386 U.S. 18, 17 L. Ed. 2d 705, 7 S. Ct. 824, 827, footnote 7.) In spite of the other evidence in the record we are unable to say, beyond a reasonable doubt, as commanded by *Chapman* that Lemmon's identification of defendant as one of the men who made the sale did not contribute to the finding of guilty. The officers did not see the sale; Lemmon did not testify; and the only direct evidence linking defendant with the sale was the testimony of Sibley. Under these circumstances it is possible that Lemmon's identification might have played a part in the finding of guilty. Because of this error the judgment must be reversed.

We find it unnecessary to consider other contentions of the defendant which pertain to matters which will probably not arise on a new trial.

The judgment of the criminal court of Cook County is reversed and the cause is remanded to the circuit court of Cook County, criminal division, for a new trial.

*Reversed and remanded.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.