People of the State of Illinois, Plaintiff-Appellee, v. Ronald Hopkins and Marvin Martin, Defendants-Appellants.

**Gen. No. 69–151.**

Fifth District.

May 22, 1970.

Russell H. Classen, of Belleville, for appellants.

Don P. Koeneman, State's Attorney of Randolph County, of Chester, and D. McMeekin Conn, Assistant State's Attorney, for appellee.

MORAN, P. J.

Defendants, Ronald Hopkins and Marvin Martin, were jointly tried and convicted of theft from the person (Ill Rev Stats 1969, c 38, § 16–1) in a jury trial in the Circuit Court of Randolph County and were sentenced to terms of three to seven years in the State Penitentiary. They appeal.

Mrs. Fern Deterding testified that about twelve, noon, on October 6, 1967, she was shopping in the Voss Grocery Store in Red Bud, Illinois. She had just left the bank across the street and was carrying two bank envelopes in her purse, one containing $1,000 and the other containing $822. As she approached the check-out counter, there were three Negro boys behind her. As she walked toward the doorway, one of the boys ran ahead of her. He dropped some change in the doorway and she had to stop and wait for him to pick it up. While she was waiting, the other two stepped behind her and began nudging her on both sides. She thought they were "only getting

fresh." She identified the defendants as the two boys who had been standing behind her in the doorway. After they let her through the door, she walked straight to the post office where she discovered that the bank envelope which had contained $822 was missing. She still had the envelope containing the $1,000. She did not see any one of them or anyone else actually take the bank envelope from her purse. She remembers seeing the envelope in her purse while standing at the check-out counter and she knows that the money was missing when she arrived at the post office immediately after she left the grocery store. The money in the envelope allegedly stolen consisted of one, five, ten and twenty dollar bills.

The defendants and a third boy were arrested in the afternoon of October 6 near Columbia, Illinois, in Monroe County, and taken to the Columbia Police Station, where their car was impounded. A subsequent search of the car pursuant to a search warrant disclosed $924 under the front seat of their car. On October 7, 1967, defendant Martin signed a written statement admitting that on October 6 he, the defendant, Hopkins, and one Michael Johnson were in Red Bud, Illinois. They drove to a grocery store, but only Hopkins and Johnson went inside. They returned in about five minutes and had a brown paper bag containing a small purchase and a large sum of money in fives, tens and twenties. Martin inquired where they got the money and they answered that they had found it. Martin stated that at no time did he enter the grocery store. His statement was admitted into evidence against both defendants.

■■ Hopkins contends that it was reversible error to admit Martin's statement as evidence against him. Hopkins was not present when Martin gave the statement, nor did he assent to it. Not only does this statement constitute inadmissible hearsay, but where the defendant giving the statement does not take the stand and admit

giving the statement, its admission violates the other defendant's right to cross-examination secured by the confrontation clause of the Sixth Amendment. Bruton v. United States, 391 US 123. The prosecution argues that defendant, Hopkins failed to object to its admission against him at the trial and therefore is precluded from raising this question in this court. This is plain error of which we take notice. (Ill Rev Stats 1967, c 110A, § 615 (a), People v. Scott, 100 Ill App2d 473, 241 NE2d 579.)

■■ At several points during the closing argument, the former prosecutor made several remarks of such a prejudicial nature that we also recognize, even though they were not objected to by defense counsel. At one point the prosecutor stated:

> "The State's Attorney has a larger responsibility to the people than merely to prosecute those people who may have run afoul of the law. He has a duty to protect the innocent. He has a duty to dismiss cases when they are not properly based and founded and we have dismissed cases here that have not been properly brought against the defendant and this is one, however, against these two comparatively young men that I could not have in good conscience dismissed, that I could not in good conscience let go without prosecution."

There was no reference to any evidence on which his opinion was based. We believe that this was an improper reference to the prosecutor's personal belief that the defendants were guilty. As was stated in People v. Fuerback, 66 Ill App2d 452, 214 NE2d 330 at 456:

> "The Illinois Supreme Court has repeatedly held that it is improper for the prosecuting attorney to state his own individual opinion or belief of the defendant's guilt. People v. Provo, 409 Ill 62, 97 NE2d 802; People v. Hoffman, 399 Ill 57, 77 NE2d 195. It also

violates the Canons of Ethics (Canon 15 of the Cannons of Professional Ethics of the ISBA and CBA)."

■ And in response to defense counsel's opening statement in the present case:

"Ladies and Gentlemen, now it's my opportunity to say something to you. This is the court procedure and I think these clients can't get up here and tell you what is on their minds and what the evidence is and so, of course, under American jurisprudence the people have to hire someone to be their spokesman. So that's what we are. Mr. Starnes is spokesman for the State and I happen to be spokesman for these folks here,"

the State's Attorney opened his rebuttal statement as follows:

"Ladies and Gentlemen, I wanted that read to you so I would make no mistake about what opposing counsel said when he told you that these defendants cannot get up here and tell you their version of the facts. That's an absolute misstatement of the law. I wanted you to be clear on that. Any defendant in any case has the right to take the witness stand."

This reference cannot be justified as a proper rebuttal to the defense counsel's opening comment and was made only to direct the attention of the jury to defendants' failure to avail themselves of their legal right to testify, thus violating the defendants' right to remain silent under Ill Rev Stats 1969, c 38, § 155–1 and the Fifth Amendment of the United States Constitution. (People v. Mills, 40 Ill2d 4, 237 NE2d 697; People v. Wollenburg, 37 Ill2d 480, 229 NE2d 490.)

■ At another point the prosecution responded to the arguments made by defense counsel that no one saw the money actually being taken from Mrs. Deterding's

419

purse and that the amount found in the defendant's car was greater than the amount allegedly stolen, as follows:

> "We offered that evidence to show by another independent, unbiased witness that these two defendants were in Red Bud, Illinois, and they live in St. Louis, Missouri, they were in a grocery store casing the joint. Where did they get the other $102, the difference between $822 and $924? Maybe in the small town that Marvin Martin says they went to in Illinois when they left East St. Louis. We reached the outskirts in a small town in Illinois. Who knows how they acquired the money at that location."

And at another point he stated:

> "It would be criminal, it would be terrible to let these defendants walk out this door to continue their wayward life of crime and take away somebody else's money, property or lives."

These comments improperly suggested that the defendants had been engaged in other criminal conduct for which they were not on trial and certainly were prejudicial. People v. Cage, 34 Ill2d 530, 216 NE2d 805; People v. Brown, 83 Ill App2d 457, 228 NE2d 505.

Substantial errors in this case have prevented the defendants from receiving the fair trial to which they were entitled.

The court thanks appointed counsel for an excellent brief and argument.

For the foregoing reasons this case is reversed and remanded to the Circuit Court of Randolph County for a new trial.

Reversed and remanded.

GOLDENHERSH and EBERSPACHER, JJ., concur.