(No. 43786.—■■■■■■■■■)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. CHARLES BROWN, Appellant.

*Opinion filed March 30, 1972.*

WARD, J., took no part.

WILLIAM M. SKRETNY, of Chicago (RON LEV, Senior Law Student, of counsel), for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and JAMES STERNIK, Assistant State's Attorneys, of counsel), for the People.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

In a 1964 Cook County circuit court bench trial, Charles Brown was found guilty of armed robbery and sentenced to five to ten years imprisonment. His conviction was affirmed on appeal. *(People v. Brown, 76 Ill.App.2d 362.)* He subsequently filed a post-conviction petition (Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*), alleging, *inter alia,* a due process violation in that his in-court identification by complainant was based on an unnecessarily suggestive pretrial confrontation which was conducive to irreparable mistaken identification. That

petition was denied without an evidentiary hearing and this appeal followed.

Petitioner here renews his due process argument, and further contends that the circuit court applied an incorrect legal standard in determining whether the pretrial confrontation was unnecessarily suggestive, and erred in its denial of the post-conviction petition without a hearing.

The record indicates that at about 5:00 A. M. the complaining witness, Elgin Dickerson, was robbed of approximately $30 by three men on an elevated train. The robbery commenced while Dickerson slept, but he awoke to see co-defendant Witherspoon holding his wallet, petitioner attempting to remove his shoes, and a third man, McIntyre, standing behind these two. When Dickerson reached for his wallet he was struck by Witherspoon. The three assailants left the train at the next stop. Petitioner and Witherspoon were arrested at 5:30 A. M. by a Chicago Transit Authority police officer who observed them attempting to rob another man on an elevated train. Thirty dollars in cash was recovered from them. At approximately 7 A.M. Dickerson went to the police station to sign a complaint and was asked to "look at some fellows." He was then taken to a room where petitioner and Witherspoon, allegedly handcuffed, were seated next to each other, allegedly was asked if these two were the robbers, and then identified them as such.

At trial Dickerson identified the petitioner and Witherspoon as his assailants. James McIntyre, having pleaded guilty to the charge, testified for the State that he, petitioner and Witherspoon had robbed Dickerson on the occasion in question. Co-defendant Witherspoon testified for the defense and admitted that he and petitioner had been with McIntyre in a bar until 4:30 or 5:00 A.M. and had later talked to him on the 58th Street station platform shortly before their arrest. Witherspoon, however, denied robbing Dickerson whom he claimed to have known for seven years. Petitioner Brown did not testify.

Without deciding whether the circumstances of the pretrial confrontation and the complaining witness's in-court identification of petitioner constituted error, it is our opinion that any error was clearly harmless. Constitutional error can be harmless when it is established "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *(Chapman v. California (1967), 386 U.S. 18, 24, 17 L.Ed.2d 705, 710, 87 S.Ct. 824, 828.)* Given the fact that the testimony of the accomplice McIntyre was corroborated in its other aspects by the complaining witness, it cannot be said to be a "reasonable possibility" that in the absence of the complaining witness's in-court identification of the petitioner, an "honest, fair-minded [fact finder] might very well have brought in not-guilty verdicts." *(Chapman v. California, 386 U.S. 18, 26, 17 L.Ed.2d 705, 711, 87 S.Ct. 824, 829.)* Although the testimony of an accomplice is necessarily received with caution, such testimony, even if uncorroborated, is sufficient to warrant a conviction if it satisfies the trier of fact beyond a reasonable doubt, and material corroboration of an accomplice's testimony is entitled to great weight. *People v. Mentola (1971), 47 Ill.2d 579.*

Petitioner cites our opinion in *People v. Smith (1967), 38 Ill.2d 13,* as being an analogous factual setting in which it was decided that the improperly admitted identification testimony could not be said to be harmless error. However, in *Smith,* unlike the present case, the testimony of the accomplice which implicated the defendant was uncorroborated in the absence of the improper identification testimony.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

MR. JUSTICE WARD took no part in the consideration or decision of this case.