THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANDREW KOVACIVICH, Defendant-Appellant.

(No. 71-108;

Third District—March 28, 1973.

John L. Barton, of Marseilles, for appellant.

Rafael E. Toruno, Assistant State's Attorney, of Joliet, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Andrew Kovacivich, hereinafter referred to as the defendant, was prosecuted in the circuit court of Will County for the crime of burglary. After trial by jury he was found guilty and sentenced to a term of not less than 8 nor more than 15 years in the penitentiary. This appeal stems from the judgment of guilty and sentence imposed thereon by the Will County circuit court.

The defendant in this appeal presents two issues for review, the first of which is whether he was denied a fair trial when the State and his court appointed counsel introduced evidence that he was involved in burglaries other than the one for which he was being prosecuted.

During the course of the defendant's trial the State called as witnesses a Toney Wright, an accomplice; Wright's wife, also an accomplice; and Wright's brother and his wife, who also became involved in the burglary for which the defendant was being tried. Toney Wright, a codefendant and accomplice, testified that he acted as a lookout while the defendant broke into the Sugar Creek Pharmacy. Wright's wife testified that she knew the burglary was planned, had aided in its commission and had shared in the proceeds from the crime. The brother and sister-in-law of Wright testified that they knew about the burglary of the pharmacy and had purchased some of the stolen goods.

The co-defendant Wright pleaded guilty to the charge of burglarizing the Sugar Creek Pharmacy and was granted probation. His wife, brother and sister-in-law were never prosecuted for their participation or involvement in the crime.

In examining the record we find that counsel for the defendant in his opening statement to the jury made it known that his client had been involved in another trial for burglary but had been acquitted. During the trial of the instant case the State elicited testimony from the co-

defendant Wright that he and the defendant had committed several burglaries other than the one of the Sugar Creek Pharmacy and specifically identified the burglarized establishments, *viz.*, an Aurora liquor store and a sporting goods store. On cross examination defendant's counsel amplified this area of inquiry by further eliciting testimony from the witness Wright that he and the defendant had burglarized a warehouse, a place called Bowl-Rite, and that they had "cased" several other places for prospective burglaries.

The testimony of the witness Wright was that he and the defendant had in the various burglaries followed a set *modus operandi* in that they gained entry into buildings by breaking a hole through a wall, thereby avoiding burglary alarm systems, and that they were always concerned about leaving fingerprints and therefore used gloves.

■■ Directing our attention to the defendant's contention that reversible error was committed when evidence of his involvement in other crimes was produced during the course of his trial, we are first confronted with a situation where reference to such involvement was initially made by his attorney in his opening statement. Defendant's counsel persisted in delving into this subject of other crimes involving the defendant, when he cross examined State witnesses. It is true that the State on direct examination of their witnesses also brought forth testimony as to the defendant's participation in other crimes but such testimony was not objected to by the defendant's counsel. Not only are we of the opinion that the defendant is estopped from complaining about testimony concerning a subject matter which his counsel first introduced to the jury, but in addition our reviewing courts have held that the unobjected testimony of State witnesses which had the effect of disclosing to the jury that the defendant had committed a robbery other than the one for which he was on trial was properly received and any error was waived because of failure to object. See *People v. Cook*, 132 Ill.App.2d 597, 270 N.E.2d 144.

■■ The record further discloses that the defendant failed to preserve for review the question as to error stemming from testimony as to his involvement in other crimes since he failed to include the same in his post trial motions. It is well settled that nonjurisdictional errors not raised in defendant's written motion for new trial are waived. See *People v. Irwin*, 32 Ill.2d 441, 207 N.E.2d 76; *People v. Greer*, 30 Ill.2d 415, 197 N.E.2d 22; *People v. Gratton*, 28 Ill.2d 450, 192 N.E.2d 903.

■■ Even though the defendant had properly preserved his contention of error stemming from testimony which showed his participation in other crimes, we cannot agree with him that such testimony was in-

admissible. Evidence as to other crimes is admissible if relevant for any other purpose than to show the propensity of the defendant to commit a crime. (*People v. Cole*, 29 Ill.2d 501, 194 N.E.2d 269; *People v. Palmer*, 47 Ill.2d 289, 265 N.E.2d 627.) Although evidence of other crimes is generally inadmissible this same evidence is proper when it tends to prove design, motive, or knowledge on part of the defendant. (*People v. Yonder*, 44 Ill.2d 376, 256 N.E.2d 321.) An examination of the testimony in the instant case regarding the defendant's involvement in other crimes clearly establishes a method of operation which served not only to identify the defendant but also established a common design or purpose as far as his unlawful acts were concerned. Such testimony established that the defendant's *modus operandi* was to gain entry into buildings by punching a hole through a wall. In committing burglaries he wore gloves. Following this pattern of operation he avoided activating burglary alarms and the leaving of "tell tale" fingerprints. This method of operation was followed in the burglary of the Sugar Creek Pharmacy and we conclude that the evidence adduced during the trial of the defendant regarding his participation in other crimes was relevant and admissible.

■■ The second and final contention of the defendant is that the provisions of the recently enacted Code of Corrrections are applicable to his case and that pursuant to such provisions his sentence should be reduced. Our Supreme Court in *People v. Chupich* (1973), 53 Ill.2d 572, established that a case has not been finally adjudicated until the last direct appeal has been decided or when the time for filing such an appeal has expired. The Illinois Code of Corrections (Chapter 38, Section 1008—2—4) provides that if the offense being prosecuted has not reached "a final adjudication" then for the purpose of sentencing, the sentences under the Code of Corrections shall apply if they are less than what they were under the prior law. The new Code classifies the crime of burglary as a class 2 felony and in Chapter 38, Section 1005—8—1(c)(3) provides as follows:

> "(3) [F]or a class 2 felony, the minimum term shall be 1 year unless the court, having regard to the nature and circumstances of the offense and the history and character of defendant, sets a higher minimum term, which shall not be greater than one third of the maximum term set in that case by the court."

The sentence received by the defendant in this case, being for a term of not less than 8 nor more than 15 years in the penitentiary, fails to meet the ratio requirement of the Criminal Code of Corrections and we are of the opinion that this case should be remanded to the trial court for the purpose of resentencing in accordance with the provision of the code.

We therefore affirm the judgment of conviction entered by the circuit court of Will County but remand this cause to the trial court for the purpose of resentencing.

Affirmed and remanded.

ALLOY, P. J., and DIXON, J., concur.