THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v*. DENNIS HUNSAKER, Defendant-Appellant.

(No. 73-164; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—October 9, 1974.

Robert Farrell, of Mt. Vernon, and Steven Clark, of Chicago, both of State Appellate Defender's Office, for appellant.

Howard L. Hood, State's Attorney, of Murphysboro and Ralph J. Mendelsohn, of Model State's Attorneys Support Unit, of Cairo, for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a conviction for the unlawful delivery of a controlled substance.

On July 7, 1972, a complaint was issued which charged that the defendant on April 20, 1972, made an unlawful delivery of controlled substances. After arrest, on July 26, 1972, the defendant was admitted to bail on July 31, 1972. On September 12, 1972, defendant was indicted, and after posting bond, he requested a prelim'nary hearing, which was set for November 22, 1972. The clerk's record sheet indicating that a hearing had been held on that date was in error, as no hearing was held.

On January 23, 1973, a motion for discovery was filed by the defendant. Item 7 of this motion requested the disclosure and production of "all books, papers, documents, photographs, tangible objects which the prosecuting attorney intends to use in the hearing or trial or which were obtained from or belonged to the accused." A response to this motion was filed by the State on January 31, the response stating in item 6 that "the State has the following tangible evidence it intends to use at trial which were obtained from or belonged to defendant." No tangible evidence was listed. On January 29, a motion to quash the indictment was filed by reason of the fact that no preliminary hearing was held prior to indictment on September 12, 1972. The motion was denied. On March 15, 1973, a bench trial was held and defendant was found guilty. On April 16, he was sentenced to 1½ to 5 years in the penitentiary.

We hold that the trial court did not err in denying defendant's motion to dismiss because of the failure to have a preliminary hearing. We also hold that the trial court did not err in allowing the State to admit tangible physical evidence not listed on the State's response to the defendant's motion for discovery. These are the two issues raised by defendant's appeal.

Prior to trial the judge found that appellant had been initially arrested only after indictment and was therefore not entitled to a preliminary hearing. Defendant contends that the initial charge was the complaint filed on July 7, 1972. Article I, section 7, of the Illinois Constitution of 1970 provides in part that:

> "No person shall be held to answer for a crime punishable by death or by imprisonment in the penitentiary unless either the initial charge has been brought by indictment of a grand jury or the person has been given a prompt preliminary hearing to establish probable cause."

In *People v. Hendrix* (1973), 54 Ill.2d 165, 169, 295 N.E.2d 724, the court said: "What is a *prompt preliminary hearing* [emphasis added] must, of course, depend upon an appraisal of all of the relevant circumstances, * * *." The court in *Hendrix* also stated: "The second paragraph of section 7 does not provide a grant of immunity from prosecution as a sanction for its violation."

■■ While it may be argued that in the instant case a preliminary hearing should have been held some time prior to September 12, this does not constitute reversible error. On that date an indictment was returned and, though the record is not clear about the length of time appellant spent in jail, the record does show that he was out on bond in sufficient time to arrange for his defense. Since the supreme court in *Hendrix* and the appellate court in *People v. Howell*, 16 Ill.App.3d 989, 307 N.E.2d 172, have held that failure to hold a prompt preliminary hearing does not call for reversal when the defendant is subsequently indicted, we do not find such failure.

Appellant contends that it was reversible error to allow the introduction into evidence of three bags of white powder identified as MDA in view of the fact that the State had failed to list them in response to defendant's discovery motion.

In *People v. Jordan*, 38 Ill.2d 83, 93, 230 N.E.2d 161, the supreme court stated:

> "Secondly, allowing unlisted witnesses to testify is within the discretion of the trial court and in the absence of a showing of surprise or prejudice, that discretion will not be reviewed."

The record fails to show that the defendant was prejudiced or surprised by the State's failure to list the three bags of white powder in its response to defendant's discovery motion. The indictment listed the controlled substance by name and weight.

■■ The record shows that the evidence is strong and the linkage unbroken tracing the three bags of MDA back to the defendant and establishing that they were the bags an agent for the Illinois Bureau of Investigation purchased from the defendant at a trailer park in Carbondale, Illinois. In view of the evidence we do not find that the appellant was harmed by failure of the prosecution to list these bags in response to appellant's discovery motion and their introduction as evidence, though failure to disclose their existence was error.

The judgment of conviction of the Circuit Court of Jackson County is affirmed.

Affirmed.

G. MORAN, P. J., and EBERSPACHER, J., concur.