THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DENNIS D. CLINTON *et al.*, Defendants-Appellants.

Second District (2nd Division)   Nos. 75-363, 75-364 cons.

Opinion filed October 26, 1976.

Ralph Ruebner, of State Appellate Defender's Office, of Elgin, for appellants.

Dallas C. Ingemunson, State's Attorney, of Yorkville (G. Michael Prall, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE DIXON delivered the opinion of the court:

Defendants Dennis Clinton and Joseph Oldani were indicted by a Kendall County grand jury for burglary. Each defendant was represented by separate court-appointed counsel. Both waived their right to a jury trial and both were found guilty after a bench trial. Defendant Clinton was sentenced to imprisonment for a term of 1½ to 4½ years; defendant Oldani was sentenced to 3 years' probation. Each defendant filed separate notice of appeal, however their appeals have been consolidated.

The sole issue on appeal concerns whether the State's response to defendants' requests for their oral statements and a list of witnesses to such statements was in violation of the rules of discovery such that the subsequent introduction of their oral statements deprived them of their right to a fair trial.

Defendant Clinton's discovery motion requests #1 and #2 sought the names and addresses of persons whom the State intended to call as witnesses along with their relevant written or recorded statements. In response the State listed, among others, Captain Goins of the Kendall County Sheriff's Department and delivered to defense counsel a police report filled out by Captain Goins which contained the following:

"Both suspects were given their constitutional rights (*Maranda*) [*sic*] and asked what they were doing inside the residence. Oldani replied saying that they were both out of work and needed some money. Both stated that this was their first time and had never been in trouble before."

Clinton's request #6 asked for the substance of any oral statements made by defendant and/or by his codefendant and for a list of witnesses to the making and acknowledgement of such statements. The State's response to request #6 was "No oral statement made by Joseph A. Oldani."

Defendant Oldani also filed a discovery motion with the same requests, and received the same responses.

Captain Goins was called as the State's first witness, testifying that he proceeded to the residence in response to an alarm in progress report over his speaker and that when he reached the rear of the house, he heard a fellow officer shouting to someone to stop and saw the two defendants coming to a stop from a run towards a cornfield behind the house. Captain Goins then began to testify to a conversation with the defendants, to which he was the only witness, in the back seat of his squad car. An objection by Oldani concerning the *Miranda* warnings was overruled, and the witness proceeded to testify to substantially the same conversation as

appeared in his police report. The attorneys for both defendants then objected to this testimony on the ground that the State had failed to disclose these statements in response to their direct request in the motions for discovery. The court overruled the objection and let the testimony stand.

On appeal, the defendants contend that they were misled by the State's response to request #6; that even though the substance of the conversation testified to was disclosed to them, they were deprived of their right to a fair trial by the State's violation of the full disclosure policy embedded in section 114—10 of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, par. 114—10) and Supreme Court Rule 412(a) (Ill. Rev. Stat., ch. 110A, par. 412(a)(ii)). Defendant cites *People v. O'Connell* (1964), 30 Ill. 2d 603, 608, that the statutory provisions that the State disclose oral statements made by a defendant, along with a list of witnesses to the making of the statement, are mandatory and a failure to comply therewith has been held to be reversible error. This court has recently applied that principle in *People v. Rand* (2d Dist. 1975), 29 Ill. App. 3d 873, wherein we found admission of defendant's oral statements to be reversible error when the substance of the statement was not included in the police report disclosed to defendant, nor was it disclosed which two of the 14 witnesses the State intended to call were present at the making of the statement.

The facts in the instant case however distinguish it from *Rand.* Here the substance of the statements introduced at trial was clearly disclosed to the defendants. It was likewise made clear to defendants from the State's response to their discovery motions that the statements were made to Captain Goins. Thus, the only noncompliance here was the State's failure to repeat these statements in response to request #6, and to state that there were no witnesses present when the statements were made to Captain Goins. Although we do not condone the State's method of responding, the defendants were in possession of all the information as a result of the State's somewhat convoluted response to the discovery order.

■■ The legislative purpose behind these provisions is to provide the accused with protection against surprise, unfairness, and inadequate preparation. (*People v. O'Connell* (1964), 30 Ill. 2d 603, 608; *People v. Ikerd* (1963), 26 Ill. 2d 573, 578.) We do not agree with the defendants' contention that the State's response to request #6 indicated that the statements made to the officer would not be used at trial, nor have defendants shown us how they were misled or prejudiced in any other manner. Although the response was erroneous, absent any showing of surprise or prejudice, we do not feel that the inaccurate response was such a violation of the discovery order as to deprive defendants of their right to a fair trial. We therefore find that there was sufficient compliance with the

pretrial discovery order and that Captain Goins' testimony was properly admitted into evidence.

■■ We will not consider defendants' contention of possible Sixth Amendment violations based on *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, as no objection was ever made in the trial court on this ground, nor was a motion for severance ever presented. Points not raised in the trial court will not be considered on the first time on appeal. *Ray v. City of Chicago* (1960), 19 Ill. 2d 593.

We further note that proof of the guilt of defendants in this case was overwhelming, that even without the admission of the statements, guilt was proven beyond a reasonable doubt.

For the foregoing reasons, the judgments of the trial court are affirmed.

Judgments affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.