THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VAL BOCLAIRE (Impleaded), Defendant-Appellant.

First District (1st Division)    No. 80-25

Opinion filed March 30, 1981.—Rehearing denied May 12, 1981.

James J. Doherty, Public Defender, of Chicago (Judith A. Stewart, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Richard E. Burke, and Dean C. Morask, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Defendant Val Boclaire and three others were charged by indictment with two counts of murder, attempt armed robbery and four counts of conspiracy. After a separate jury trial, defendant was found guilty on all counts and sentenced to concurrent terms of 35 years for murder and 10 years for attempt armed robbery. Defendant appeals.

On appeal, defendant argues that (1) the trial court erred in denying his motion to suppress evidence; (2) his statement should have been suppressed; (3) the trial court erred in admitting evidence of a co-defendant's statement; (4) the failure of the State to call potential witnesses casts doubt on his guilt; and (5) his sentence is excessive.

We affirm.

Roosevelt Crigler died as a result of gunshot wounds received at approximately 1:30 a.m. on March 30, 1978. The fatal shots were fired through the window in the front door of Crigler's home. Defendant, among others, was arrested at approximately 11:30 p.m.

At the hearing on the motion to quash his arrest and suppress evidence, defendant called Officer John McHugh. McHugh testified that he received information from Daniel Hass and two others that John Burnham was involved in the murder. Hass had been across the street from Crigler's home when the shooting occurred and saw Burnham and three others run from the area after the shooting. Burnham was arrested and implicated Boclaire. Officer McHugh thereafter learned that a Cadillac bearing the license number YM 4030 was used by Crigler's assailants in an attempt to flee. A car meeting this description was stopped by McHugh and his partner, Investigator Fournier, on the evening of March 30. The four passengers were arrested. Defendant Val Boclaire was seated on the passenger side of the front seat. Hershell Johnson, the

driver of the car, informed McHugh that a rifle was in the trunk. The officers opened the trunk and viewed a .22-caliber rifle. McHugh did not state whether *Miranda* warnings were given. The trial court denied defendant's motion to quash his arrest and suppress the rifle.

Defendant also made a motion to suppress his oral statement given shortly after his arrest. At the hearing on the motion, the State called Investigator Joseph Bamberger to testify. Bamberger was present when defendant gave a statement at the police station to assistant State's Attorney Comroe. Comroe advised defendant of his rights and defendant stated he understood them. Defendant gave an oral statement but refused to have it reduced to writing. Bamberger further stated that Boclaire was neither physically nor mentally abused. Comroe then testified essentially to the same facts. Comroe recorded a summary of defendant's statement in a felony review file and testified to the substance of the statement at trial.

Defendant testifying on his own behalf stated that he made no statement at the police station and was never advised of his rights. He further testified that Officer McHugh struck him while he was in the interview room. After arguments, defendant's motion to suppress the statement was denied.

First, defendant argues that the rifle should have been suppressed because it was found only after a violation of the fourth and fifth amendments.

■■ On a motion to suppress evidence based on the fourth amendment, the defendant bears the burden of establishing the factual and legal bases supporting the motion. (*People v. Billings* (1977), 52 Ill. App. 3d 414, 367 N.E.2d 337.) Among the facts which defendant must prove are his possessory interest in the area searched and the item seized. (*Rakas v. Illinois* (1978), 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421.) Defendant established neither a possessory interest in the car nor the rifle. Therefore, the trial court did not err in denying his motion to suppress.

■■ ■ The fifth amendment's privilege against self-incrimination is a personal privilege. The Constitution does not proscribe incriminating statements elicited from another, but only prohibits compelling an accused to bear witness against himself. (*Couch v. United States* (1973), 409 U.S. 322, 34 L. Ed. 2d 548, 93 S. Ct. 611.) Here, Hershell Johnson was the only person who made any statements at the time of arrest. Boclaire does not allege that any of his own remarks led to the seizure of the rifle. Therefore, his contention that the rifle was seized in violation of the fifth amendment is without merit.

Second, defendant argues that the trial court erred in denying his motion to suppress his statement.

In *People v. Lewis* (1979), 75 Ill. App. 3d 259, 278, 393 N.E.2d 1098, 1113, the court stated:

"The constitutional test for the admission of a confession is whether the confession was made freely, voluntarily and without compulsion or inducement of any sort. (*People v. Davis* (1966), 35 Ill. 2d 202, 220 N.E.2d 222.) The test for voluntariness is whether the defendant's will was overborne at the time he made a statement. (*Lynumn v. Illinois* (1963), 372 U.S. 528, 534, 9 L. Ed. 2d 922, 83 S. Ct. 917.) A confession obtained by force or brutality is not voluntary and is inadmissible. (*Brown v. Mississippi* (1936), 297 U.S. 278, 80 L. Ed. 682, 56 S. Ct. 461.) The determination of voluntariness is to be made by the trial court based on the totality of the circumstances (*People v. Johnson* (1970), 44 Ill. 2d 463, 256 N.E.2d 343, *cert. denied* (1970), 400 U.S. 958, 27 L. Ed. 2d 266, 91 S. Ct. 356) and its finding will not be disturbed on review unless it is contrary to the manifest weight of the evidence. *In re Lamb* (1975), 61 Ill. 2d 383, 336 N.E.2d 753, *cert. denied* (1976), 425 U.S. 938, 48 L. Ed. 2d 180, 96 S. Ct. 1672."

■■ Here, the record contains ample evidence supporting the trial court's denial of the motion. Prior to making the statement, defendant was advised of his rights and stated that he understood each of them. Furthermore, his arrest was based on probable cause. The totality of circumstances indicates that the statement was voluntarily made and was not the result of police misconduct.

■■ Third, defendant contends that Investigator Fournier's trial testimony regarding Johnson's statement to Officer McHugh that the gun was in the trunk was improperly admitted. He argues that his right to confront and cross-examine witnesses against him was violated thereby and cites *Bruton v. United States* (1968), 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, in support of his contention.

In *Bruton*, the court held that admission of an out-of-court statement by one co-defendant implicating a second co-defendant violates the latter's sixth amendment right to confront witnesses against him. Here, however, Johnson's statement did not implicate Boclaire and Boclaire's constitutional right was not violated.

Moreover, the *Bruton* rule is not violated where a defendant claiming the benefit of the rule has made an inculpatory admission which is admitted into evidence. (*People v. Rosochacki* (1969), 41 Ill. 2d 483, 244 N.E.2d 136; *People v. Marine* (1977), 48 Ill. App. 3d 271, 362 N.E.2d 454.) In the case at bar, Comroe's summary of defendant's statement in which defendant admitted participation in the occurrence was in evidence. No violation of the *Bruton* rule occurred, and the trial court, therefore, did not err in admitting Fournier's testimony.

■■ Fourth, defendant argues that the State's failure to call two of his co-indictees casts doubt on his guilt. Prior to Boclaire's trial, the State struck the indictments against John Burnham and Steve Cawley. Neither

was called as a witness by the State. However, these witnesses were known and available to the defendant and he cannot claim prejudice by the failure of the State to call them. *People v. Nowak* (1970), 45 Ill. 2d 158, 258 N.E.2d 313.

Fifth, defendant contends that his sentence is excessive. As facts supporting his contention he cites his age (17 at the time of the murder and 18 at the time of trial) and Johnson's lesser concurrent sentences of 12 years for attempt armed robbery and armed violence.

In *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884, the court noted:

> "[T]he trial judge is normally in a better position to determine the punishment to be imposed than the courts of review. (*People v. Butler* (1976), 64 Ill. 2d 485, 490; *People v. Burbank* (1972), 53 Ill. 2d 261, 275; *People v. Taylor* (1965), 33 Ill. 2d 417, 424.) A reasoned judgment as to the proper sentence to be imposed must be based upon the particular circumstances of each individual case. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 589.) Such a judgment depends upon many factors, including the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age. (*People v. Dukett* (1974), 56 Ill. 2d 432, 452.) The trial judge, in the course of the trial and the sentencing hearing, has an opportunity to consider these factors 'which is superior to that afforded by the cold record in this court.' (*People v. Morgan* (1974), 59 Ill. 2d 276, 282.) We continue to find that the trial court is normally the proper forum in which a suitable sentence is to be determined and the trial judge's decisions in regard to sentencing are entitled to great deference and weight."

The record in this case indicates that the trial court carefully considered defendant's age and background. The court read the presentence report containing information on defendant's religious and educational background, employment record and social history. The report further revealed that defendant had previous juvenile convictions for arson and armed robbery. The fact that Johnson pleaded guilty and received a lesser sentence is not evidence that Boclaire's sentence is excessive. (See *People v. Colone* (1978), 56 Ill. App. 3d 1018, 372 N.E.2d 871.) We find no abuse of discretion by the trial court in determining defendant's sentence.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.