(No. 39708.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* FRANK NOWAK, Appellant.

*Opinion filed March 24, 1970.—Rehearing denied May 26, 1970.*

**160**

Ward, J., took no part.

Jerome Feldman and Julius Marciniak, both of Chicago, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Anthony Montemurro, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Burt delivered the opinion of the court:

Defendant Frank Nowak and a co-defendant, Rodney Rosochacki, were found guilty of murder by a jury in the circuit court of Cook County. Nowak was sentenced to serve 15 to 30 years in the penitentiary and Rosochacki 30 to 50 years. Rosochacki's conviction and sentence were affirmed by this court in a separate appeal on January 29, 1969. (*People v. Rosochacki,* 41 Ill.2d 483.) The facts relating to the occurrence are fully stated in the opinion in *Rosochacki* and need not be repeated here. In Nowak's appeal he contends that his constitutional right to. a speedy trial was violated by denial of his application for .discharge made pursuant to the provisions of section 103—5(a) of the Code of Criminal Procedure; that reversible error was committed by failing to produce an available eyewitness to the murder which resulted in a conviction based solely upon the testimony of a minor unindicted accomplice; that the evidence fails to prove defendant's guilt of felony murder and that

the admission into evidence of co-defendant Rosochacki's statements against Nowak was prejudicial error and operated to deny him a fair trial.

The record shows that Nowak was arrested on the charge on December 1, 1964, and held in custody continuously until the trial began on May 25, 1965. On May 10, 1965, his counsel filed a motion for discharge alleging failure to comply with the provisions of section 103—5(a) of the Code of Criminal Procedure (Ill. Rev. Stat. 1963, ch. 38, par. 103—5(a)) which requires that "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody" unless delay is occasioned by the defendant, by a competency hearing, or by an interlocutory appeal. (Ill. Rev. Stat. 1967, ch. 38, par. 103—5(a).) This statute is designed to implement the right to a speedy trial as guaranteed by the State and Federal constitutions. (*People* v. *Love,* 39 Ill.2d 436, 443; *People* v. *Baskin,* 38 Ill.2d 141, 144; *People* v. *Fosdick,* 36 Ill.2d 524, 528.) While the statutory requirement cannot be said to be co-extensive with constitutional safeguards (*People* v. *Tetter,* 42 Ill.2d 569, 574; *People* v. *Love,* 39 Ill.2d 436, 443), compliance with the statute usually operates to prevent constitutional questions of speedy trial from arising, since the constitutional safeguards protect only against arbitrary and oppressive delays. (*People* v. *Baskin,* 38 Ill.2d 141, 144.) The court denied defendant's motion for discharge and it is clear from the record that he was not tried within 120 days of being taken into custody. In determining whether or not the trial court was justified in denying the motion it becomes necessary to inquire whether the delay in the trial beyond the 120-day period was occasioned by the defendant, the criterion being whether defendant's acts or conduct in fact caused or contributed to the delay. *People* v. *Fosdick,* 36 Ill.2d 524, 529.

Defendants Nowak and Rosochacki, together with

Charles Gregory, who had been indicted with them on an unrelated burglary charge, were arraigned on all indictments before Judge Napoli, the presiding judge of the criminal division, on December 24, 1964. Counsel appearing for defendants were Julius Marciniak for Nowak, Walter La Von Pride for Rosochacki and Seymour Fishman for Gregory. Pleas of not guilty were entered and the cause was assigned to Judge Plusdrak and continued to December 29. On the date specified all defendants and their counsel appeared before Judge Plusdrak who ordered copies of statements and lists of witnesses to oral statements furnished as requested within 15 days and allowed the State until January 15 to make its election as to which of the cases, burglary or murder, would be tried first. After consultation with counsel the cases were set for trial on February 3, 1965, but continued to January 15, 1965, the date on which the State was to make its election.

However, before the 15th arrived, attorneys Pride and Fishman appeared before Judge Plusdrak on January 7. Pride presented a motion for substitution of judges, signed by Rosochacki, which named Judges Plusdrak and Wells as unacceptable. The assistant State's Attorney called attention to the fact that the other defendants were entitled to 24 hours notice to enable them to join in the motion or waive their rights to name judges unacceptable to them. Fishman then entered a waiver on behalf of Gregory and Nowak as well. Pride stated that he had notified Marciniak, Nowak's attorney, but doubted that he would appear. After Pride admitted that he did not have proof of service, the court held the cases on call until the following day, directing Pride to file proof of service at that time. The cases were then transferred to Judge Napoli for reassignment. Later on the same day, January 7, Pride appeared before Judge Napoli at which time he stated that Fishman had to leave and that he (Pride) represented all defendants as well as attorneys Fishman and Marciniak with authority to waive on the mo-

tion for substitution. The judge said that he wanted all attorneys in court the following morning and instructed Pride to notify them to be there.

On January 8, 1965, at 10:00 A.M. the three attorneys appeared before Judge Napoli at which time Fishman, representing Gregory, and Marchiniak, representing Nowak, announced that they were not naming any judge on the substitution. The presiding judge announced the assignment of the cases to Judge Edward F. Healy. Immediately thereafter, at a time still shown by the record as 10:00 A.M., Pride appeared alone before Judge Healy. Neither Marchiniak nor Fishman appeared. Pride announced on this first appearance before Judge Healy that he represented Rosochacki and attorneys Fishman and Marciniak, attorneys for the other defendants, who "could not wait". He stated that he had the authority to waive the presence of all defendants. The court remarked about the dangers inherent in such procedure. After Pride suggested that February 3, the trial date originally fixed by Judge Plusdrak be retained, Judge Healy stated that a trial date in his court must be fixed by agreement of counsel; that the case would be held on call until the following Monday (January 11, 1965) and that Pride should notify all other lawyers to be there. Pride agreed and the cause was adjourned to Monday, January 11, 1965 at 10:00 A.M. On that date attorneys Pride and Fishman appeared but Nowak's attorney, Marciniak, was absent, though Pride assured the court that he had called him as the court requested. After pointing out that he could not set the case in the absence of Marciniak the court held the case on call for the following day, Tuesday, January 12.

On January 12 the only attorney present was Fishman who stated in response to the court's question that Marciniak was absent though notified on three occasions to be there. Fishman assured the court that February 3 would be satisfactory to other counsel as a trial date. The court indicated

that the cases would be set on that date but insisted that defendants Rosochacki and Nowak be brought into court so they would know "what is going on". When Nowak appeared he was advised that his attorney had failed to appear in court on three successive occasions; that trial was being set for February 3, 1965 and that since his counsel had not appeared and announced himself ready for trial the cases would be continued on defendants' motion. The transcript further shows that Marciniak appeared in court later that day and was served with a copy of a written statement, list of witnesses and list of witnesses to written and oral statements. He made no objection to the date set for trial nor to the fact that the cases had been continued on motion of defendants.

On February 3, 1965, with attorneys Pride and Marciniak both present, the assistant State's Attorney announced that they were not going to proceed and that the State would need a "couple of weeks" to prepare. The court then inquired about the dates of March 8 or 9. Pride stated that he preferred March 8. Marciniak indicated assent if it was convenient with the court and the State. The court then ordered a continuance to March 8 on motion of the State. On the date last mentioned attorneys Fishman and Marciniak were present and announced themselves ready for trial but the assistant State's Attorney stated that counsel for Rosochacki had filed a motion for a behavior clinic examination on behalf of his client which was returnable to March 22, 1965, and suggested that the cases be set for the same date. He assured the court that trial would have been held except for this development. The court continued the cases to March 22, 1965. While both attorneys Fishman and Marciniak made it clear that they did not join in Pride's motion for an examination they made no objection to the continuance as such. On March 22 attorneys Pride and Marciniak were present and Pride requested that two psychiatrists be appointed by the court to examine his client Rosochacki,

claiming that the behavior clinic examination was insufficient to determine whether he was competent to stand trial. Pride also asked for a hearing to determine the question of competency. While making it clear that he had no motion to make, Marciniak made no objections to the motions for psychiatric examinations and a competency hearing made by Pride. The cases were continued to April 7 on the motion for a competency hearing. On that date Pride renewed his motion for an examination by a private psychiatrist to be made prior to any competency hearing on his client, Rosochacki, and the cases were again continued to April 14 but on April 14 Pride stated that they were having difficulty in getting psychiatrists for what the county was willing to pay. On Pride's motion on behalf of Rosochacki the causes were continued to April 21, 1965, as to all defendants. Again Marciniak, while not joining in any motion, made no objections to the application made on behalf of Nowak's co-defendant for a continuance.

Testimony was taken before a jury in a competency hearing on Rosochacki on April 21, but a mistrial was declared when defendant cut his wrist during the noon recess. The court ordered a re-examination of Rosochacki and scheduled the competency hearing for April 30, but a further delay was necessary because the examinations had not been completed on that date and the cases were continued to May 7 on motion of the State at which time there was a further continuance to May 10 to assure the presence of a witness. After further continuances to May 12 and May 13, the second competency hearing before a jury was held. At the conclusion of the testimony the court directed a verdict of competency and the cases were continued to May 24, at which time Fishman, attorney for Gregory, moved for a pretrial investigation on behalf of his client in the burglary case. The murder trial of Nowak and Rosochacki was commenced the next day.

The foregoing record clearly shows that most of the de-

lays in bringing the murder case to trial were caused by Nowak's co-defendant, Rosochacki, and his own counsel, Marciniak. Rosochacki's motion for a change of venue on January 7 made it necessary to send the case back to the presiding judge for re-assignment and reopened the question of a trial date. Defendant argues that there was no delay because the date fixed for trial after the case had been assigned to Judge Healy was the same as that which had been set by Judge Plusdrak. The fallacy of this argument becomes apparent when we remember that the selection of a date before Judge Healy was entirely dependent on the schedule of other cases in his court. The fortuitous circumstance that the same date happened to be available does not change the true nature of the initial proceedings before Judge Healy which involved the selection of a trial date as the first item on the agenda. This necessary step was completely ignored by defendant's counsel who, though notified to be present, and without any reasonable excuse, was absent on three different occasions when the matter of a date for trial was under consideration by the court and other counsel. The only possible explanation found in the record for the first absence is Pride's statement that counsel "couldn't wait". The record is completely silent as to any facts or circumstances which would reasonably explain absence on the second and third occasions. At the time of the scheduled hearing on January 12, Marciniak had never appeared in Judge Healy's court and the only information the judge could obtain about counsel or his wishes as to trial came from the other attorneys in the case and was to the general effect that Marciniak was agreeable to almost anything. The court in the performance of its judicial duties wisely chose to reject the representations of any counsel not of record for defendant Nowak. Faced with an impasse the court called defendant himself into court and, after explaining the reason for his action, continued the cause for trial on defendant's motion. Under the circumstances and in the ab-

sence of any indication that defendant was ready for trial the action of the trial judge was proper. In fact it was about the only course to be taken in the performance of a duty to expedite the business of the court in the interests of justice. The utter indifference of counsel is further emphasized by the fact that he appeared in court later in the day, accepted service of certain papers and, as far as the record shows, made no inquiry concerning the events which transpired earlier. It is certain that he never objected directly to the trial date set by Judge Healy and his subsequent appearances indicate quite conclusively an acceptance of the action taken on January 12. While stating on many later occasions that he had never made any motions in the case, Marciniak never sought by any action taken during later proceedings to object directly to the course pursued by the court on the date in question.

Later in the proceedings when counsel for Rosochacki raised the question of his client's competency to stand trial and caused repeated delays by requests for psychiatric examinations and hearings to determine that issue the record shows no objections by counsel for defendant Nowak to continuances taken in that connection nor any demand for a separate trial for his client. The record of proceedings of Monday, March 8, shows that Pride had already filed motions in behalf of his client which questioned his ability to stand trial and this was well within the original 120-day period following confinement. Formal demand for a sanity hearing was made on March 22, and this likewise was prior to the expiration of the statutory time.

The decisions of this court announce the rule that where a defendant has sought and obtained a continuance within the period in question, or when he asks for and receives a change of venue, or by his own action he has otherwise caused delay, the right to be tried within the statutory period is temporarily suspended and the statute does not apply until a new statutory period has elapsed. (*People* v. *Rankins,* 18

Ill.2d 260, 262.) We have also said that a defendant may waive his right to a speedy trial by failing to object to delays occasioned by another with whom he is jointly indicted and tried. (*People* v. *Gray*, 33 Ill.2d 160, 166; *People* v. *Meisenhelter*, 381 Ill. 378, 386; *People* v. *Holtz*, 261 Ill. 239, 244.) To the same effect is *People* v. *Rogers*, 70 Ill. App. 2d 474, 479, in which this court denied leave to appeal. (34 Ill.2d 630.) We find that by causing delays in the respects indicated and by failing to object to delays caused by his co-defendant, Nowak effectively waived his right to be tried within the statutory period and was not entitled to discharge under the statute. There is no evidence which would warrant the conclusion that there were arbitrary and oppressive delays violating the right to a speedy trial. We have examined the cases relied upon by defendant and find they are distinguishable from the case before us. A lengthy discussion or comparison is unnecessary.

Defendant claims that the State should have called Donna Adrianowicz as a witness and that the prejudice resulting is compounded by the fact that no cautionary instruction was given as to the testimony of Sharon Haendiges, an alleged accomplice. The People are not required to call all of the witnesses to a crime in proving the State's case. (*People* v. *Huff*, 29 Ill.2d 315, 320; *People* v. *Wright*, 27 Ill.2d 557, 562; *People* v. *Halteman*, 10 Ill.2d 74, 85-86.) Here, as in the *Huff* and *Wright* cases, the witness in question was known and available to defendant and it was his privilege to call her either as his own or as a court's witness depending upon the circumstances. Having failed to call the witness himself defendant is in no position to claim prejudice by the failure of the State to use her testimony. We also find that the remainder of this objection, based as it is on the assumption that Haendiges was an accomplice, is not supported by the evidence. An accomplice is one who could himself have been indicted for the offense either as principal or accessory and if a witness is not an accomplice

under this test it is not error to refuse to give a tendered instruction relative to the testimony of an accomplice. (*People* v. *Konkowski,* 378 Ill. 616, 624.) The evidence is devoid of any facts or circumstances which would make Haendiges guilty of the homicide as an accomplice or otherwise. A cautionary instruction as to the weight to be given her testimony on the assumption that she was an accomplice was not required.

Defendant further contends that the evidence fails to show that he participated in the commission of a felony from which the death of the deceased naturally followed. He says that at most he was involved in a theft from the person which is not a forcible felony as defined in section 2—8 of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 2—3), and is not responsible for Rosochacki's stabbing of the deceased which caused his death. Where two or more defendants have a common design to do an unlawful act any act done by any of them in furtherance of the common design is the act of all and all are equally guilty of whatever crime is committed. (*People* v. *Armstrong,* 41 Ill.2d 390, 398; *People* v. *Hill,* 39 Ill.2d 125, 133.) It is also well settled that proof of a common design or purpose can be drawn from the circumstances surrounding the commission of the act. The evidence establishes that immediately after Nowak told Haendiges that he and Rosochacki intended to "roll" the deceased, Rosochacki came into the room with a bottle in his hand and invited the deceased into another room where both defendants assaulted him. In the course of this assault the fatal stabbing by Rosochacki occurred. After the victim lay unconscious on the floor Nowak took $55 from his person. The facts are clearly sufficient to establish defendant's guilt of felony murder beyond a reasonable doubt.

The assignment of error on the admission into evidence of the statements, oral and written, made by Rosochacki involves the same question which was passed upon by this court in Rosochacki's appeal where it was claimed that the

admission into evidence of Nowak's statements operated to deny Rosochacki a fair trial. (*People* v. *Rosochacki*, 41 Ill.2d 483, 492-494.) In *Rosochacki* we distinguished the facts here involved from those in *Bruton* v. *United States*, 391 U.S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620 and concluded that the prejudice, if any, was minimal and entirely insufficient to require a retrial especially since evidence of guilt was clear. All that was said in *Rosochacki* applies with equal force and reason here and we are led to the same conclusion. There is no reasonable basis for finding that the admission of Rosochacki's statements at the joint trial constituted reversible error.

Since there are no errors in defendant's trial sufficient to warrant a reversal, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.