THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
ROBERT KEMP, Defendant-Appellant.

First District (4th Division)   No. 62485

Opinion filed May 12, 1977.

James Geis, of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Iris E. Sholder, and Labrenda E. White, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINN delivered the opinion of the court:

Following a jury trial defendant, Robert Kemp, was convicted of murder and burglary and sentenced to the penitentiary for concurrent terms of 15 to 20 years and 3 to 9 years respectively. On appeal, defendant contends that he was entitled to discharge from custody because he was not tried within the 120-day time period required under the Four Term Act. Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a), (d).

We affirm.

On March 27, 1972, defendant was arrested and subsequently indicted along with co-indictees Leo Guess, Ernest Davis and Eric Harris, for the offenses of murder and burglary. On November 17, 1972, defendant answered the State's pretrial discovery motions and filed written motions to suppress evidence, to quash his arrest, for severance, and to set bail. Upon the motion of defendant, the court continued the case until November 22, 1972. On November 22, the court set defendant's bail at $10,000 and upon motion of the State continued the case until December 1, 1972. On December 1, 1972, on the court's own motion, the cause was continued with subpoenas, to January 5, 1973.

On January 5, 1973, a hearing was conducted on the motions to suppress of defendants Kemp, Harris and Davis. Those present at the hearing included the three defendants, each represented by his respective counsel, and two assistant state's attorneys. The only evidence presented at the hearing was the testimony of the State's witness, assistant state's attorney George Monaco, who testified to events surrounding statements given by defendants Harris, Kemp and Davis.

At the conclusion of Monaco's testimony, the following colloquy took place between the court, the clerk and Mr. Volpe, defendant Harris's attorney.

> "The Court: It's order of Court as to Davis, Kemp and Harris—
> Mr. Volpe: No, its my motion.
> The Court: Order of Court as to Guess, he is not a part of this motion.
> The Clerk: Motion defendant as to the other three defendants?
> The Court: Yes. Hearing commenced and continued to Monday morning at 9:30."

The hearing continued on January 8 when further testimony was elicited. The hearing was continued by order of court until the next day. On January 9, the motion to suppress hearing concluded and the court heard evidence on the motions for severance and to quash the arrests. The court, by its own order, scheduled the rulings on these motions for January 10, 1973. On that date, the trial judge denied defendant Kemp's pretrial motions except the judge did sever the trial of Kemp from the other three defendants. Defendant Kemp answered ready for trial and by order of court, the cause was set for trial on January 23, 1973. The cause was subsequently continued on three separate occasions on the court's own motion until January 29, 1973, March 13, 1973, and April 26, 1973, respectively. However, on April 6, 1973, defendant filed a motion for a fourth term discharge, which was denied by the trial judge. Defendant was subsequently found guilty of murder and burglary by a jury on January 22, 1975.

The sole issue raised in this appeal is whether the trial court erred in denying defendant Kemp's motion for discharge.

■■ With respect to offenses committed prior to March 1, 1977, the Four Term Act (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(a)) provides in relevant part:

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

Subsection (d) of the same statute provides:

> "Every person not tried in accordance with subsection[s] (a) * * * of this Section shall be discharged from custody * * *."

In accordance with the statute, where a defendant causes a delay in trial by his own actions, the statutory period is tolled and begins to run anew from the date to which the case has been delayed. *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776; *People v. Lee* (1969), 44 Ill. 2d 161, 254 N.E.2d 469; *People v. Schoeneck* (1971), 1 Ill. App. 3d 395, 274 N.E.2d 483.

■■ In the instant case, defendant concedes that no fourth term issue arose from the date of his arrest until November 22, 1972, since any delay during that time was attributable to him. He does not dispute that the filing of the motion to suppress on November 17, 1972, commenced the running of the 120-day statutory period. (*People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776.) Further, defendant does not argue that his request for a continuance until November 22, 1972, tolled the statutory period as it constituted a delay occasioned by the defendant as contemplated by the statute. *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776; *People v. Gooding* (1975), 61 Ill. 2d 298, 355 N.E.2d 769.

However, defendant maintains that during the 164-day period that elapsed between November 22, 1972, the date to which the cause was continued, and April 6, 1973, the date on which he filed his motion for fourth term discharge, there was no delay occasioned by him and thus the trial court erred in denying his motion for discharge.

The State disputes defendant's computation of the statutory period. The State maintains that defendant is chargeable with the delay inherent in filing a motion to suppress, since hearings on such motions necessarily demand a quantity of the court's time. Thus, the State argues that the statutory period began to run anew on January 10, 1973, which is the date on which defendant's pretrial motions were disposed of by the trial judge. Consequently, the State contends that defendant's filing of the motion to discharge was premature as it fell on the 87th day of the statutory period. We agree.

In *People v. Nunnery* (1973), 54 Ill. 2d 372, 375-76, 297 N.E.2d 129, 130-31, our supreme court stated:

> "The controlling question in determining if the defendant was entitled to discharge under the 120-day rule is whether the delay of the trial beyond 120 days was 'occasioned by the defendant,' and if answered affirmatively, he was not entitled to discharge. 'In determining this question, the criterion in each case is whether the defendant's acts in fact caused or contributed to the delay. In the varied fact situations that involve the 120-day rule, we have carefully examined the facts to prevent a 'mockery of justice' either by technical evasion of the right to speedy trial by the State, or by a discharge of a defendant by a delay in fact caused by him.' *People v. Fosdick, 36 Ill. 2d 524, 528-29.*"

■■ Thus, our inquiry in the instant case is whether an act of defendant, or some act to which he consented, necessitated a slowdown in the judicial process so as to delay his trial. (*People v. Jones* (1971), 130 Ill. App. 2d 769, 266 N.E.2d 411.) In this case, we find that defendant was responsible for the delay until January 10, 1973, since that was the date upon which the trial judge ruled on defendant's pretrial motions. See *People v. Brown* (1976), 40 Ill. App. 3d 1003, 353 N.E.2d 244.

In *People v. Donalson* (1976), 64 Ill. 2d 536, 356 N.E.2d 776, our supreme court held that the State is entitled to some time for preparation after the filing of pretrial motions by the defendant. However, the State has the duty to insure that it does not cause an unreasonable delay. (See *People v. Schoeneck* (1971), 1 Ill. App. 3d 395, 274 N.E.2d 483.) Further, it is primarily incumbent upon the defendant to exercise due diligence in calling his motions for hearing and disposition. *People v. Stock* (1974), 56 Ill. 2d 461, 309 N.E.2d 19.

■■ In the instant case, defendant filed his pretrial motions on November 17, 1972, and continued the cause on his own motion until November 22, 1972. The hearing on these motions commenced on January 5, 1973. We do not view the six-week delay between November 22 and January 5 as unreasonable under the circumstances presented here. The court was faced with four co-defendants, and had to dispose of at least three motions to suppress, and motions to quash arrest, to sever the trials, and to set bail. Defendant should have realized that the filing of the motions to suppress statements in this case necessitated a hearing on the merits with findings of fact and conclusions of law delineated by the trial judge. (See Ill. Rev. Stat. 1973, ch. 38, pars. 114—11(c), 114—12(e).) In addition we note that there was no showing on the record that the State asked for time to answer defendant's pretrial motions. We deem it proper, therefore, to attribute the requisite delay to defendant.

■■ There is yet another ground for deeming the statutory period tolled on a date different from that suggested by defendant. At the conclusion of the hearing on January 5, 1973, the court offered to continue the cause on its own motion. However, Mr. Volpe, defendant Harris's attorney, stated that it was his motion. Thereafter, the clerk upon the direction of the judge entered on the court's record that the continuance was upon the motions of defendants Harris, Davis and Kemp. Defendant Kemp contends that the clerk erroneously entered the continuance as his motion. Defendant argues that the motion was upon the insistence of the co-defendants' attorney and therefore is not binding upon him. We disagree.

In *People v. Nowak* (1970), 45 Ill. 2d 158, 168, 258 N.E.2d 313, 318, our Supreme Court stated:

> "We have * * * said that a defendant may waive his right to a speedy trial by failing to object to delays occasioned by another with whom he is jointly indicted and tried. (*People v. Gray*, 33 Ill. 2d 160, 166; *People v. Meisenhelter*, 381 Ill. 378, 386; *People v. Holtz*, 261 Ill. 239, 244.) To the same effect is *People v. Rogers*, 70 Ill. App. 2d 474, 479, in which this court denied leave to appeal. (34 Ill. 2d 630.) We find that by causing delays in the respects indicated and by failing to object to delays caused by his co-defendant, Nowak effectively waived his right to be tried within the statutory period and was not entitled to discharge under the statute. There is no evidence which would warrant the conclusion that there were arbitrary and oppressive delays violating the right to a speedy trial."

In the instant case, we believe it was incumbent upon defendant's counsel to object to the continuance as it was entered. Thus, we find the delay on January 5, 1972, was properly attributable to defendant. See *People v. Hickman*, 56 Ill. 2d 175, 306 N.E.2d 32.

For the foregoing reasons, we hold that the filing of the motion to discharge on April 6, 1973, was premature and was thus properly denied by the trial judge.

Affirmed.

DIERINGER, P. J., and ROMITI, J., concur.