STATE OF HAWAII, Plaintiff-Appellee, *v.* SOPO FAALAFUA, LIUAFI LIUAFI, JR., SITOE LIUAFI, LEPO UTO, Defendants-Appellants, and IEFATA K. MEAFOU, FIATAU MIKA, FAIAGA ALOALII, JACKSON AMPEROSA and SEPO SCANLAN, Defendants

NO. 8758

(CRIMINAL NO. 54738)

AUGUST 29, 1984

LUM, C.J., NAKAMURA, PADGETT, HAYASHI AND WAKATSUKI, JJ.

336

OPINION OF THE COURT BY WAKATSUKI, J.

On September 23, 1980, six persons were indicted for the murder of Milton Nihipali, and nine persons were indicted for the attempted murder of Clarence Freitas. These crimes occurred at the Oahu Community Correctional Center in June of 1980.

Trial commenced on November 4, 1981 for the six defendants indicted for murder. During jury selection, following an exchange between the judge and counsel for one of the defendants, Judge Milks disqualified herself and subsequently severed the six defendants into two groups. Trial for defendants Meafou and Mika, who are not involved in this appeal, was promptly resumed. However, trial for the other four defendants did not resume until April 12, 1982.

The four defendants were convicted of murder and sentenced to life imprisonment without parole. Defendant Utu, one of the four defendants, was also convicted of attempted murder. They now appeal. We affirm.

All defendants allege four errors of the trial court: 1) the denial of their motions for a Rule 48 dismissal; 2) the denial of disqualification of Judge Milks; 3) the severance of the defendants by Judge Milks; and 4) the imposition of enhanced sentence under Hawaii Revised Statutes § 706-606(a)(iv). They also ask for a new trial based on insufficiency of evidence. Defendant Sitoe Liuafi further asserts that the trial court erred in not permitting continued examination in regards to a polygraph test taken by him.

We will address the denial of the Rule 48 dismissal and the severance of joint defendants. We hold that the other claims of error are without merit.

I.

Nearly 19 months had elapsed between the time of indictment (September 23, 1980) and the time of trial (April 12, 1982). Rule 48(b) of the Hawaii Rules of Penal Procedure (HRPP) requires that an indictment be dismissed if more than six months elapses between the issuance of the indictment and trial unless certain exceptions apply. Defendant Liuafi, Jr. brought a motion to dismiss under Rule 48(b) on August 12, 1981, and again on February 3,

1982. Defendant Faalafua joined Liuafi, Jr.'s August 12th motion on August 14, 1981, and filed another motion to dismiss on February 23, 1982. Defendants Utu and Sitoe Liuafi brought identical motions on March 1, 1982. These motions were all denied, and appellants allege that such denials were error. We disagree.

Appellants contend that the trial court erred because it found that the six-month period had elapsed under the rule, but refused to dismiss the indictment because no prejudice had been shown to result from the delay. While Appellants are correct in asserting that prejudice is not required to be found for a Rule 48 dismissal, we conclude that the six-month requirement in bringing defendants to trial had been met in view of the circumstances of this case.

## A.

Rule 48(b)(1), HRPP, requires the court, upon motion by defendant, to dismiss a charge if trial is not commenced within six months of the indictment.[1] The running of the six months may be tolled, however, for periods of delay excludable under paragraph (c) of Rule 48.[2] Excludable periods include periods of delay

---

[1] Rule 48. DISMISSAL.

   \*    \*    \*    \*

(b) *By Court.* Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from:

(1) the date of arrest or of filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made;

[2] Rule 48(c), HRPP, reads:

(c) *Excluded Periods.* The following periods shall be excluded in computing the time for trial commencement:

(1) periods of delay resulting from collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals and trials of other charges;

(2) periods of delay resulting from congestion of the trial docket when the congestion is attributable to exceptional circumstances;

(3) periods of delay resulting from a continuance granted at the request or with the consent of the defendant or his counsel;

resulting from collateral or other proceedings concerning the defendant,[3] periods of delay resulting from continuances granted at the request of or with the consent of the defendant,[4] and reasonable periods of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and there is good cause for not granting a severance.[5]

Under Rule 48(c)(7), the question is whether the tolling of the six month period for reasonable periods of delay is applicable to multiple defendants. We answer in the affirmative. We join other states and the federal courts in interpreting Rule 48(c)(7) as applicable to all co-defendants when the six month period is tolled for reasonable periods of delay when applied to one of the co-defendants. *E.g., People v. Nowak,* 45 Ill. 2d 158, 258 N.E.2d 313 (1970); *State v. Shelton,* 53 N.C. App. 632, 281 S.E.2d 684 (1981), *rev. den.,* 305 N.C. 306, 290 S.E.2d 707 (1982); *U.S. v. Edwards,* 627 F.2d 460 (D.C. Cir. 1980), *cert. den.,* 449 U.S. 872 (1980); *U.S. v. Fogarty,* 692 F.2d 542 (8th Cir. 1982), *cert. den.,* 103 S. Ct. 1434 (1983); *U.S. v. Stafford,* 697 F.2d 1368 (11th Cir. 1983).

---

(4) periods of delay resulting from a continuance granted at the request of the prosecutor if:

(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date; or

(ii) the continuance is granted to allow the prosecutor additional time to prepare his case and additional time is justified because of the exceptional circumstances of the case;

(5) periods of delay resulting from the absence or unavailability of the defendant;

(6) the period between a dismissal of the charge by the prosecutor to the time of arrest or filing of a new charge, whichever is sooner, for the same offense or an offense required to be joined with that offense;

(7) a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance; and

(8) other periods of delay for good cause.

[3] Rule 48(c)(1); *see* note 2, above.

[4] Rule 48(c)(3); *see* note 2, above.

[5] Rule 48(c)(7); *see* note 2, above.

B.

"The purpose of Rule 48 is to ensure an accused a speedy trial . . . . [I]ts purpose is also in furtherance of policy considerations to relieve congestion in the trial court, to promptly process all cases reaching the courts, and to advance the efficiency of the criminal justice process." *State v. Estencion,* 63 Haw. 264, 268, 625 P.2d 1040, 1043 (1981). Responsibility for Rule 48's efficacy does not rest solely on the prosecutor, but "the prosecutor, the court, and the accused share responsibility for carrying out the speedy trial requirements of Rule 48." *State v. Soto,* 63 Haw. 317, 321, 627 P.2d 279, 281 (1981). This court will not countenance the subversion of the purposes of Rule 48, nor permit its utilization to create a "mockery of justice . . . by technical evasion . . .", *People v. Kemp,* 49 Ill. App. 3d 270, 364 N.E.2d 944 (1977) (quoting *People v. Nunnery,* 54 Ill. 2d 372, 297 N.E.2d 129 (1973)), of the rule by either the state or defendant.

In many instances, multi-defendants trials effectuate the prompt efficient disposition of criminal justice. Severance of co-defendants for separate trials where the same facts or conspiracy is involved may create further delays and court congestion. Yet, rigid time limits under Rule 48 may force unnecessary severances in multi-defendants cases in order that one defendant's slow-moving case would not delay trial of his co-defendants. *See U.S. v. Varella,* 692 F.2d 1352 (11th Cir. 1982), *cert. den.,* ___ U.S. ___ (No. 82-6845, Oct. 3, 1983). Additionally, tactical maneuvers in multi-defendants cases may permit advantages to defendants by allowing counsel to delay as to one defendant and thereby placing the court in a position of having to refuse requests resulting in delays or to grant an otherwise undesired severance. *People v. Hickman,* 56 Ill. 2d 175, 306 N.E.2d 32 (1973).

Paragraph (c)(7) of Rule 48 addresses these potential conflicts in multi-defendants cases. We hold that where the exclusion of time as to one defendant is permitted under other paragraphs of Rule 48(c), the same exclusion may be applied to co-defendants unless severance is granted or the interest of justice militates against it.

Not all delays attributable to a co-defendant can be counted against a defendant asserting his right to a speedy trial. For exam-

ple, we agree that the Rhode Island Supreme Court was correct in dismissing the indictment under its Rule 48 in *State v. Anthony,* 448 A.2d 744 (1982). In that case, defendant DePari caused a one-month delay for completion of discovery. From the close of De-Pari's discovery to the time of trial, however, twenty-eight months had elapsed. The reason for the long delay was that co-defendant Anthony's attorney was involved in another lengthy trial, and Anthony was standing trial on a previous, unrelated indictment. De-Pari had moved for a separate trial so as to avert further delay but the trial court refused to grant it. The Rhode Island Supreme Court recognized the significant interest of avoiding duplicity of trials for joint defendants, but held that such interest was not sufficient to justify a nearly three-year delay for DePari where he neither acquiesced nor contributed to the delay. *Id.* It may be further noted that the delay caused by co-defendant Anthony in no way benefited DePari.

Similarly, in *Sanchez v. Superior Court of Los Angeles County,* 131 Cal. App. 3d 884, 182 Cal. Rptr. 703 (1982), the court there refused to attribute the delay of one defendant to co-defendants where the reason for the delay was that one co-defendant's counsel (a public defender) was involved in other trials and was not able to proceed. The other co-defendants objected to any continuance, asked for severance, or that other counsel be appointed for the delaying defendant. The appellate court ruled that in this case the state's interest in a joint trial was not sufficient to overcome defendant's right to speedy trial. *Id.*

We agree with both the above-cited cases that all delays caused by a co-defendant cannot be attributed to the other co-defendants, as where one co-defendant's attorney's schedule causes an inordinate delay and the other co-defendants, by objection or motion for severance, indicate their ability and interest in proceeding to trial speedily.

The circumstances of this case, however, are dissimilar. Here, numerous overlapping continuances and pre-trial motions were continuously pending before the court up to November 4, 1981, the date of trial. Each of the defendants was responsible for significant portions of the delay; no one defendant can be singled out as the cause of the bulk of the delays. Most of the delays were occasioned by motions pertaining to trial preparation which would

benefit all of the co-defendants, *e.g.,* motions to compel discovery, for Grand Jury transcript, to quash indictments. During the hearings of these various motions, none of the co-defendants objected to any of the delays, nor was severance requested as a means of averting further delay as to any one defendant. In view of the foregoing, we hold that the entire period from the date of indictment up to November 4, 1981 is excludable time as to all defendants under Rule 48.

While it is arguable that the delay to April 12, 1982 after the severance on November 5, 1981 was not entirely justified, that delay is immaterial as the period in question does not constitute six months which would trigger a Rule 48 dismissal. We agree with the trial court's denial of defendants' motions to dismiss under Rule 48.

## II.

Whether separate trials should be granted to joint defendants rests in the sound discretion of the trial judge. The trial judge's decision will not be reversed absent abuse in the exercise of that discretion. *State v. Hashimoto,* 47 Haw. 185, 190, 389 P.2d 146, 150 (1963); *State v. Lester,* 64 Haw. 659, 668, 649 P.2d 346, 353 (1982). Judge Milks reasoned that the defendants would be accorded a fair trial with a severance in view of the number of defendants (6) and defense counsels (6). We do not find the trial court's reasoning as an abuse of discretion. Further, we do not find prejudice to any of the defendants because of this severance.

Judge Milks' disqualification prior to severing the trial has been addressed in *State v. Meafou,* 67 Haw. ____, 677 P.2d 459 (No. 8592, February 20, 1984).

Affirmed.

*Philip D. Bogetto* for defendant-appellant Sopo Faalafua.

*Ignacio R. Garcia* for defendant-appellant Liuafi Liuafi, Jr.

*Paul Alexander Meares* for defendant-appellant Lepo Utu.

*Emlyn Higa,* Deputy Prosecuting Attorney, on the brief for plaintiff-appellee State of Hawaii.

On the brief: *Charles S. Lima* for defendant-appellant Sitoe Liuafi.