Chief Judge Fuld (dissenting).
The appellants before us made full confessions and, if each had been tried separately and found guilty, I would readily agree that the convictions should be affirmed. However, upon the joint trial which was held, each of them was inculpated not only by his own statements but also by those of his codefendants and, under established principles, they should not have been received against him. It is easy enough to say, since each of them had fully admitted his guilt, that new trials are unnecessary but it seems to me — if we are to be faithful to the rules laid down by the Supreme Court — that we are required to reverse the judgments and direct new and separate trials. (See Roberts v. Russell, 392 U. S. 293; Bruton v. United States, 391 H. S. 123.)
Even before the decisions in Bruton and Roberts, our court held that, in a case in which a defendant was implicated by an out-of-court statement of a codefendant tried jointly with him, his conviction could not stand. (See People v. La Belle, 18 N Y 2d 405; People v. Burrelle, 21 N Y 2d 265; People v. Adams, 21 N Y 2d 397; see, also, People v. Baker, 23 N Y 2d 307; People v. Boone, 22 N Y 2d 476; People v. Jackson, 22 N Y 2d 446.) “It is a fundamental principle of evidence, embodied in the confrontation clause of the Sixth Amendment,” we declared in the Jackson case, “ that statements made outside the courtroom, without the opportunity for cross-examination, *554 are admissible only against the person who made them. [Cases cited.] Consequently, when two or more defendants are tried jointly, a confession given by one defendant which inculpates a codefendant may not be received in evidence unless 1 all parts of the extrajudicial statements implicating [the latter] can be and are effectively deleted ’. (People v. La Belle, 18 N Y 2d 405, 410, n. * * *.) Where such effective redaction is not possible, where a defendant’s admission of guilt is ‘-so interrelated in the involvement of an accomplice as to render it impossible for practical purposes to separate them ’ (People v. Pollock, 21 N Y 2d 206, 214, supra), a joint trial must be eschewed and separate trials directed ” (22 N Y 2d, at p. 450).
The majority, not disputing the rule, merely asserts that when (as in this case) each appellant had himself..- confessed, his codefendants’ .statements did not contribute to the verdict against him and the error committed was rendered nonprejudicial. Although such arguments have found favor with some courts (see, e.g., People ex rel. Bartlam v. McMann, N. Y. L. J., Nov. 22, 1968, p. 16, col. 1; United States ex rel. Catanzaro v. Mancusi, 404 F. 2d 296), we have consistently rejected them and, I suggest, with good reason. (See People v. Baker, 23 N Y 2d 307, supra; People v. Jackson, 22 N Y 2d 446, supra.) The Constitution requires, the Supreme Court has made clear, that, when two or. more defendants are tried jointly, a confession made by one of them, inculpating a codefendant, may not be received in evidence. And, as that court declared in Roberts v. Russell (392 U. S. 293, 294, supra), where the rule is not observed and the defendant’s “ right of cross-examination secured by the Confrontation Clause of the Sixth Amendment ” is-violated, the error goes “ ‘ to the basis of fair hearing and trial because the procedural apparatus never assured the [appellant] a fair determination ’ of his guilt or innocence.”
However, as I have noted, it is urged that that constitutional violation may be overlooked in this case and the error stamped as harmless. Our court has not hesitated to hold an error harmless when the record demonstrates that the claimed defect could not have prejudiced the defendant, influenced the jury or tainted its verdict (see, e.g., People v. Kingston, 8 N Y 2d 384, 387) but we have not hitherto departed from the fundamental principle that even a guilty person is entitled to a fair trial. *555 (See, e.g., People v. Donovan, 13 N Y 2d 148, 153; People v. Rosenfeld, 11 N Y 2d 290, 300; People v. Jackson, 7 N Y 2d 142, 145.) In Donovan (13 N Y 2d 148, supra), for example, the defendant had made two confessions, one oral and one written, and it appeared that one of them—that which was in writing—had been illegally obtained in violation of the defendant’s right to counsel. Despite the fact that the oral confession, as well as other proof, made out a “ strong ” case against the defendant, the court, nevertheless, reversed the conviction with these words (13 N Y 2d, at pp. 153-154):
‘ ‘ That # * * does not justify an affirmance * * * for, not knowing what credit and weight the jury gave to the written confession, we cannot say whether the jury would have returned a verdict of guilt if that improperly received statement had been excluded. ‘ It is for jurors, ’ we wrote in People v. Mleczko (298 N. Y. 153, 163), ‘ not judges of an appellate court such as ours, to decide the issue of guilt ’ solely on the basis of evidence properly before them. [Cases cited.] It cannot be overemphasized that our legal system is concerned as much with the integrity of the judicial process as with the issue of guilt or innocence. The constitutional and statutory safeguards provided for one accused of crime are to be applied in all cases. The worst criminal, the most culpable individual, is as much entitled to the benefit of a rule of law as the most blameless member of society.” (Emphasis supplied.)
The test whether error is harmless, it has been aptly stated, “ is not * * * whether other proof of guilt is overwhelming” but whether we are able “to say, beyond a reasonable doubt, * * * that [the error] did not contribute to the finding of guilty.” (People v. Smith, 38 Ill. 2d 13,17; see Chapman v. California, 386 U. S. 18, 23-24.) In making this determination, we should keep in mind that it is the jury which must pass upon issues of fact and, ultimately, the question of guilt and that appellate court judges can rarely determine what may have persuaded jurors to reach their verdict. Even when a defendant has confessed, he is not automatically to be con *556 sidered guilty; he is still entitled to challenge both the truth of his own confession and its voluntariness. Although each of the appellants clearly implicated himself, there still remained a substantial question for the jury concerning the voluntariness of his confession, and this determination may well have been influenced by thp improperly admitted statements of his codefendants. It was reasoning such as this which led us to decide in People v. Baker (23 N Y 2d 307, 318, supra) that “ [t]hese errors compel a new trial for the three confessing defendants as well as for the nonconfessing defendants (People v. Burrelle [21 N Y 2d 265], supra). It might well have been the existence of the other confessions which led the jury to conclude that each of the confessions was both truthful and voluntary and the defendants’ guilt proven.” In the Jackson case, too, we reversed the convictions on the ground that the confession of one defendant implicated his codefendant, even though the latter had also confessed (22 N Y 2d 446, supra).
In sum, then, since the use of their codefendants’ out-of-court statements which implicated them violated the constitutional rights of the appellants (see Roberts v. Russell, 392 U. S. 293, supra; Bruton v. United States, 391 U. S. 123, supra) and since that constitutional error may not be said to be “harmless beyond a reasonable doubt” (Chapman v. California, 386 U. S. 18, 24, supra), the judgment should be reversed and new and separate trials ordered.
Judges Bergan, Breitel and Jasew concur with Judge Scileppi ; Chief Judge Fuld dissents and votes to reverse in a separate opinion in which Judges Burke and Keatikg concur.
Judgment affirmed.