THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MICHAEL JONES, Defendant-Appellant.

First District (1st Division)   No. 1—90—0493

Opinion filed September 21, 1992.

Donna Hickstein-Foley, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Mary Killough, Assistant State's Attorneys, of counsel), for the People.

JUSTICE MANNING delivered the opinion of the court:

This case is before us the second time. Defendant, Michael Jones, along with codefendant James Nowden, was charged by indictment with five counts of murder, one count of rape, one count of robbery,

two counts of aggravated kidnapping, one count of conspiracy, and one count of unlawful restraint. Following a joint jury trial in 1985, both defendants were found guilty of murder, aggravated kidnapping, rape and robbery, and both men were sentenced to concurrent terms of natural life imprisonment on the murder counts, a 60-year extended term on the rape count and seven years each on the aggravated kidnapping and robbery counts.

On June 13, 1988, this court reversed Jones' conviction on sixth amendment grounds and remanded for a new trial. (See *People v. Jones* (1988), 169 Ill. App. 3d 883, 524 N.E.2d 593 (hereafter *Jones I*).) In *Jones I*, we held that under *Cruz v. New York* (1987), 481 U.S. 186, 95 L. Ed. 2d 162, 107 S. Ct. 1714, Jones was impermissibly prejudiced by the admission of Nowden's statement which incriminated Jones, which was the only evidence that placed Jones at the scene of the crime with the victim, and which denied Jones his sixth amendment right to confrontation.

Following a retrial, the jury found Jones guilty of the same counts, and on January 16, 1990, the court sentenced him to concurrent terms of natural life imprisonment on the murder counts, and 45 years each on the rape and robbery counts. No sentence was imposed on the aggravated kidnapping count.

On this second appeal, Jones again contends that his sixth amendment right of confrontation was violated where a statement allegedly made by Nowden was introduced through the verbatim transcription of the 1985 trial testimony given by a witness, now deceased. He argues that trial counsel's failure to object to the admission of said statement and his further failure to preserve the issue by raising it in the post-trial motion constitutes ineffective assistance of counsel. Jones also asserts that the trial court improperly sentenced him to 45 years' imprisonment on the robbery conviction when a prior sentence for the same offense in an earlier trial had only resulted in a seven-year sentence.

The State presented the following evidence during Jones' second trial. On March 31, 1984, around 3 a.m., Jones and Nowden kidnapped, robbed, raped and beat the victim which resulted in her subsequent death. Several State witnesses placed Jones at or near the scene of the crime. One witness, Mr. Walker, positively identified Jones in a lineup. Another prosecution witness, the codefendant's girlfriend, testified that she saw Jones and Nowden in the apartment shared by her brother, Jerry Lloyd, and Jones around 9 a.m. on the morning of the incident. At that time, she noticed dirt on Jones' shirt and stains that looked like blood on the bottom of his right pant leg.

Several police officers and law enforcement personnel testified about their respective investigations of the incident and the events which led to the arrest of the defendants. Detective Antonacci testified that Jones made several statements to him. Initially, Jones denied any involvement in the incident. However, after being told he was seen holding the victim in a headlock, Jones changed his version of what happened and stated that he acted as a lookout for Nowden. He admitted to planning the robbery and that he watched as Nowden raped the victim because he wanted a "blow job" from her. However, after seeing a car which he believed to be the police pass through the alley, Jones went upstairs to Jerry Lloyd's apartment. As he was about to return to the basement, Nowden arrived at the apartment and told Jones what he had done to the victim. Detective Antonacci also stated that he was present when Jones spoke to the assistant State's Attorney, Ms. Kawamoto-Degand, and heard her advise Jones of his constitutional rights before taking a four-page statement from him. During the trial, Ms. Kawamoto-Degand identified Jones' statement and published it to the jury.

In addition to the testimony of medical personnel, the transcription of two deceased witnesses' testimony from the *Jones I* trial was entered into evidence and published to the jury. Mr. Rayborn, the victim's uncle, testified as a life and death witness. Lloyd also testified as a State witness. His testimony revealed that on the day in question he overheard both defendants engaging in a conversation about the attack on the victim. Lloyd knew both men, and on that night, he let Jones in the apartment through the back door and Nowden into the apartment through the front door approximately 10 minutes later. Both men told Lloyd not to let anyone else in the apartment. As Lloyd lay in his bed, he heard Jones say he was sorry that he had "raped the b----" like he did and then heard Nowden say that all he did was "burn the b----." The State rested. Jones presented a certified copy of an arrest warrant for one of the State's witnesses but presented no other evidence or testimony in his behalf.

Jones first contends that his constitutional right of confrontation was violated when the statement made by Nowden, that all he did was "burn the b----," was introduced in evidence through the publication of the transcription testimony given by witness Lloyd, who was deceased at the time of the second trial. The People first maintain that Jones waived this issue for review on appeal by failing to object at trial or raise the issue in the post-trial motion for a new trial. They also assert that the alleged error was not of the magnitude to invoke

the plain error doctrine. *People v. Enoch* (1984), 122 Ill. 2d 176, 522 N.E.2d 1124.

■■ The record indicates that this issue was not preserved for review. However, due to the magnitude of the alleged error, we will review it on appeal pursuant to the plain error doctrine. (See 134 Ill. 2d R. 615(b).) In reviewing this issue, we also will consider Jones' claim of ineffective assistance of counsel. At the beginning of the trial the court addressed a defense preliminary motion with respect to who would read the prior recorded transcript of the testimony of deceased witnesses. Defense counsel did not, however, raise an issue as to the admissibility of the testimony. The court, however, stated, "I still would allow the defense, if they found something in those transcripts that they thought was inadmissible, for some reason, to make an objection." Neither did counsel raise an objection at the time Lloyd's testimony was read to the jury. *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, sets forth a two-prong test for defendants to demonstrate when they are challenging counsel's representation. In order to prevail on a claim of ineffective assistance of counsel, a defendant must establish: (1) the defense counsel's performance deviated from an objective standard of reasonableness, and (2) the defendant was substantially prejudiced by the alleged errors, such that the verdict would have been different. Although we believe defense counsel's failure to redact any part of Lloyd's testimony may be considered conduct below an objective standard of reasonableness, we find that Jones suffered no substantial prejudice because of the error. Neither do we believe that the admission of the verbatim testimony, which includes the complained-of statement of Nowden, violated Jones' right of confrontation.

This court reversed the first conviction and remanded for a new trial because of confrontation problems; however, we find no similar reversible error present in the second trial. The right of confrontation is guaranteed to an accused. (See *People v. Smith* (1967), 38 Ill. 2d 13, 230 N.E.2d 188.) However, such right is not absolute and there are exceptions to the right. (See *People v. Fiddler* (1970), 45 Ill. 2d 181, 258 N.E.2d 359.) Moreover, confrontation errors, although constitutional violations, do not automatically mandate reversal. *People v. Johnson* (1987), 116 Ill. 2d 13, 28, 506 N.E.2d 563.

■■ Unlike the trial in *Jones I*, other State evidence, independent of the single and isolated complained-of statement made by Nowden, placed Jones at the scene of the crime. Moreover, Nowden's statement when viewed in the context of the discussion between the defendants did not inculpate Jones. The complained-of testimony re-

vealed statements made by Nowden and Jones in which each of them discussed his respective involvement in the incident. The complained-of testimony did nothing more than repeat a conversation by Jones and Nowden which was overheard by the witness. There was no recount of the details of the crime, but only an admission of Nowden's involvement in the crime. Jones' own admission, as testified to by the detective and assistant State's Attorney, shows his involvement in the incident. In that statement, Jones admitted that he and Nowden planned and carried out a robbery against the victim.

Moreover, neither the circumstances surrounding the admission nor the "interlocking" character of it evidenced presumptive unreliability. The statement was not made while Nowden was under arrest and was not connected to a confession given to the police or an assistant State's Attorney.

Accordingly, we hold that the admission of codefendant Nowden's statement here through the transcribed testimony of a third-party witness, now deceased, did not violate Jones' right of confrontation; said statement did not specifically inculpate Jones and Jones' own voluntary confession admitted his participation in the crime. Moreover, Jones' confession was not contradicted thereby, and the testimony of the State's witnesses regarding the persons seen and the occurrences at the scene corroborate the confessions. Thus, we find that reversal is not mandated.

■ The State has conceded during oral argument that this court should vacate Jones' robbery sentence and either remand for a new sentencing hearing or impose a different sentence on the robbery conviction. The trial court imposed a more severe sentence following retrial and such is improper unless there is a showing that the court based such a sentence on objective information concerning identifiable conduct which occurred after the time of the original sentence proceeding. (*People v. Baze* (1969), 43 Ill. 2d 298.) Here, the State did not present any evidence of such conduct since the first trial and original sentence proceeding; therefore, we vacate the robbery sentence and reduce the sentence to seven years.

Affirmed in part; vacated in part and robbery sentence reduced.

BUCKLEY, P.J., and O'CONNOR, J., concur.